Tower 111, LLC v Mt. Hawley Ins. Co. (2018 NY Slip Op 06793)





Tower 111, LLC v Mt. Hawley Ins. Co.


2018 NY Slip Op 06793


Decided on October 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 11, 2018

Sweeny, J.P., Tom, Gesmer, Kern, Moulton, JJ.


7284 653626/16

[*1]Tower 111, LLC, et al., Plaintiffs-Respondents,
v
Mt. Hawley Insurance Company, Defendant-Appellant.


Kenney Shelton Liptak Nowak LLP, Buffalo (Timothy E. Delahunt of counsel), for appellant.
Greenberg, Trager & Herbst, LLP, New York (Richard J. Lambert of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Jennifer G. Schecter, J.), entered April 25, 2018, which granted plaintiffs' motion for summary judgment, denied defendant insurer's cross motion for summary judgment, and declared that the subject insurance policy provided coverage to plaintiff in connection with the underlying personal injury action, unanimously affirmed, with costs.
Construction of the building at issue was completed in June 2011. After construction of the building was finished, plaintiff Tower 111, LLC (Tower) decided to dismantle and relocate three elevator-machine-room walls on the first floor of the building so that the space would be suitable for a prospective tenant. The plaintiff in the underlying personal injury action was injured while removing the elevator-machine-room walls in October 2012, more than a year after construction of the building was complete.
The sole issue on appeal is whether defendant's policy's designated work exclusion applies to the underlying personal injury action. The language at issue states that there is no coverage for:
"Claims arising out of construction recently completed or that might still be ongoing from finishing the construction of the building. Does not include non-structural build-out work for tenants on premises."
The motion court properly found that Tower was entitled to coverage from defendant because the unambiguous exclusion is inapplicable to the claims made in the underlying personal injury action. The designated work exclusion does not apply because the undisputed facts establish that the removal of the elevator-machine-room walls did not "aris[e] out of construction recently completed or...still [] ongoing from finishing the construction of the building." To the contrary, the elevator-machine-room walls were being removed and relocated to make space for a prospective tenant over one year after the construction of the building had already been completed.
To the extent movant relies on the second sentence of the exclusion, which relates to non-[*2]structural build-out work, such language is not applicable because it provides only an exception to the exclusion and is relevant only if the claims arise out of "recently completed" or "ongoing" construction work, which they do not.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 11, 2018
CLERK